In examining this case it will be most convenient to ascertain, in the first place, what power of appointment the governor had in respect to vacancies of this character under the constitution and laws of the state, prior to the adoption of the constitution of 1846; and then to inquire whether any change in regard to such power has been wrought by the new constitution and the statutes since enacted. By the constitution of 1822, clerks of counties were directed to be chosen once in three years, and as often as vacancies should happen. (Art. 4., § 8.) By the Revised Statutes, as amended by a provision in the Laws of 1830, it was enacted that whenever the office of any county clerk should become vacant, his deputy should perform all the duties, and be entitled to all the emoluments and be subject to all the penalties appertaining to the office of clerk of the county, until a new clerk should be elected or appointed for such county and be duly sworn. (1 R.S., 376, § 59; Amend. Act of 1830,chap. 320, § 4.) The Revised Statutes and an amendment passed in 1830 also provide that, in all cases of vacancies in the office of county clerk, the governor shall appoint some fit person who was *Page 54 
eligible to the office, to execute the duties thereof until it shall be supplied by an election, and that the person so appointed shall possess all the rights and powers and be subject to all the duties and obligations of the officer in whose place he is appointed. (1 R.S., 124, § 49; Laws 1830, ch. 58, § 2.) To provide against a possible construction which should make these provisions conflict with each other, it was provided by the 3d section of the act of 1830 last mentioned, that the power conferred upon the governor to appoint in the case of vacancy, occasioned by the death of the incumbent, should not affect the power vested in the clerk to appoint a deputy, or the power of such deputy as declared by law. By another statutory provision all vacancies in certain offices, including that of county clerk, are to be supplied at the next general election after the happening thereof, except in cases where the term of office expires at the end of the same year, in which case an officer is to be chosen for the full legal term. (Laws 1842, 111, § 8.) The system thus provided is intelligible and harmonious. If a county clerk dies in office his deputy is immediately authorized to perform all the duties of the situation, and if no appointment is made by the governor he continues for all substantial purposes the incumbent until the next general election. But the governor is required to make an appointment, and, when he does so, his appointee instead of the deputy is thenceforth to execute the office till the election. In either case the vacancy is to be filled at the next annual election, unless the term of the clerk who died would have expired at the end of the year, and when this is the case the election is to be for the full term. The only doubt which could have arisen upon these enactments was whether the legislature could, consistently with the constitutional provision, allow the office to be executed, even temporarily, otherwise than by virtue of a popular election. This question came before the late supreme court in The People v. Fisher
(24 Wend., 215). In that case the *Page 55 
circumstances were precisely similar to those now before the court; and the person appointed by the governor procured an information to be prosecuted against the deputy of the deceased clerk, who claimed the office. The objection just referred to was taken, and had it been sustained, the result would have been that neither the relator nor the defendant would have been entitled to execute the office. Mr. Justice Bronson, who delivered the opinion of the court, said he found no difficulty in holding the law to be valid. "There must," he remarked, "of necessity, be an interval of time between the death, resignation or removal of the incumbent and the filling of the vacancy by the electors; and it is essential to the public welfare that some person should in the mean time discharge the duties of the office. * * * * The language of the constitution is not, that the office shall be filled by election in every possible case, nor that a vacancy shall be supplied in that manner as soon as it happens; but the language is, that vacancies shall be supplied by election as often as they happen. That end is fairly attained by referring the matter to the people at their next stated period for exercising the elective franchise." This view is so reasonable as to command the assent of every person. The relator, in this case, is therefore very clearly entitled to judgment, unless the rule has been changed in the particular under consideration by the last constitution, or by the legislation under it. The provision in the constitution of 1846 respecting the election to the office of clerk is the same as in that of 1822. That officer is to be chosen once in three years and as often as vacancies shall happen. (Art. 10, § 1.) Then by § 17 of art. 1, all the acts of the legislature then in force, except such as are repugnant to the constitution, are to be and continue the law of the state, subject to such alterations as the legislature shall make concerning the same. Thus far it would seem that no alteration had been made. The same office, with the same provisions for designating the officer and the same laws providing *Page 56 
for executing the duties in the case of a vacancy, are continued. But the present constitution also declares that the legislature shall provide for filling vacancies in office, but in the case of elective offices an appointment to fill a vacancy can continue only till the commencement of the succeeding political year (Art. 10, § 5); and the legislature in 1849 enacted that "whenever vacancies exist or shall occur in any of the offices of the state (with certain exceptions), where no provision is now made by law for filling the same, the governor shall appoint some suitable person, who may be eligible to the office so vacant or to become vacant, to execute the duties thereof until the commencement of the political year next succeding the next annual election after the happening of the vacancy, at which such officer could be by law elected." (Laws 1849, 26, and seeid., 36.) It does not seem to me that these constitutional and legal provisions in any way affect the question under consideration. The constitution of 1822 did not contain the clause directing the legislature to provide for filling vacancies in office. The legislature, however, assumed that power in respect to certain offices, including the county clerk, and the supreme court, as we have seen, upheld the legislation as a legitimate exercise of the law making power. It may be that the provision was inserted in the new constitution from abundant caution, and because doubts had been entertained upon the point. However that may be, if the supreme court was right in the case of The People v. Fisher, of which I have no doubt, the power equally existed under both forms of government. The purpose of the act of 1849 is quite obvious. Certain new offices were established by the present constitution, and a large class of officers, who were appointed by the governor and senate under the former system, were made elective by the people. As to these offices, there was no provision in the former statutes for filling vacancies. The article of the Revised Statutes upon this subject was confined to offices *Page 57 
the appointment to which was vested in the governor and senate, or in the legislature, and to the offices of sheriff and county clerk and the clerk and register of the city and county of New-York, which are specially named. (1 R.S., 122, art. 4,ch. 5, part 1. §§ 42, 43, 49.) Vacancies in certain cases were required to be filled at special elections. But the provision in this respect was limited to cases where an election had been prevented by reason of a tie vote; to cases where the right of the person to hold the office had ceased before the commencement of his term of service; to vacancies in the office of member of the assembly, and to cases where a vacancy proper to be supplied at a general election had not been supplied at the next general election. (1 R.S., 3d ed., p. 130, §§ 6, 9.) As to a large number of offices named in the new constitution, there was, therefore, no provision respecting vacancies prior to 1849. The statute of that year was designed to supply that deficiency. Hence it was limited in its terms to cases where no provision had been made by law for filling the vacancies.
I am satisfied, therefore, that the case of a vacancy occasioned by a county clerk dying in office stands upon the same footing that it did before the adoption of the new constitution. If this be so, then it is clear that the governor had power to appoint the relator, and that his appointment put an end to the right of the defendant to execute the duties of the office. The result of these views is that the judgment of the supreme court should be reversed and a new trial ordered.