## CHARLES MARCOTTE

### *vs.*

## BRUNO BEAUPRE.

When the plaintiff in his complaint declares upon a *quantum meruit* for services performed, and on the trial introduces testimony tending to prove that an express contract was made between the plaintiff, an architect, and defendant, for plans for a house of the estimated cost of $9,000, at the sum of $150, and the superintendence of the building, which contract was afterwards changed so that the plaintiff was to furnish plans for a house of a greater estimated cost, and no specific sum named for the plans, which plans were furnished after several changes by the defendant in the building proposed, and other services were performed by plaintiff in addition to furnishing such plans, it is competent for the plaintiff to prove the value of the plans furnished, and that the other services were not included in furnishing the plans, and the value of such additional services. *Held* also, that a question put to the plaintiff as a witness, "whether the agreement of $150 for $9,000 house had anything to do with the plans for the new house?" was not intended to ask for a legal conclusion, but a conclusion of fact, to wit: Whether it was understood that the plans for the new house were to be furnished under the original agreement.

The court charged the jury "if the contract was that Marcotte was to have a certain price for drawing the plans, and also 2½ per cent. for superintending the building, and defendant would not allow plaintiff to superintend the house, then the plaintiff could consider the contract rescinded, and sue for what his services were worth." *Held*, that the charge in view of the testimony was correct.

The plaintiff in his complaint alleged an implied contract, and the defendant in his answer alleged an express contract for same services. On the trial the plaintiff sustained his complaint by proof of an express contract, and the rescission thereof; the defendant relied upon proof of an express contract. The defendant's attorney requested the court to charge

as follows : "If the jury are satisfied from the evidence in the case, that the services referred to in the complaint were rendered by the plaintiff to the defendant upon an express contract between them, the plaintiff, not having sued upon the contract, cannot recover." The court charged "that the same was true unless the contract was rescinded, and the plaintiff remitted to a *quantum meruit.*" *Held* that the modification was not erroneous.

Other exceptions to modifications of a similar character were taken, and are considered, but not sustained.

A refusal by the court to charge a proposition of law in itself correct, but not applicable in the particular case, is not erroneous.

This action was commenced in the district court for Ramsey county, and was tried before a jury, who found a verdict for the plaintiff. Defendant made a motion for a new trial, which was denied, and he appeals from the order denying the same to this court. · A full statement of the case, so far as the questions raised on the appeal are concerned, appears in the opinion of the court.

Lampreys for Appellant.

I. V. D. Heard for Respondent.

*By the· Court.*—McMillan, J.—The complaint alleges "that the plaintiff in 1868, was, and is now an architect, and at defendant's request performed work and labor for defendant as such architect, of the value of $485, and that defendant has only paid on account thereof the sum of $150," leaving a balance, for which plaintiff demands judgment.

The answer of the defendant denies the allegations in the complaint, and sets up a contract for the services mentioned in the complaint at $150, and that the same is fully paid, and sets up a counter claim which is denied, and to which we need not here particularly refer.

Upon the trial of the cause the plaintiff was called as a witness, and testified, substantially, that he agreed with de-. fendant, that he would make complete plans for a $9,000 house, for $150, plaintiff to have the superintendence of the building; that afterwards defendant changed his mind, and wanted a $14,000 to $16,000 house, and parties made new arrangements about the plans; that plaintiff was not to charge defendant anything for the first sketches. That plaintiff furnished defendant plans for the $14,000 or $15,-000 house. The plaintiff then asked the witness, what was the value of the services in making these plans for house for $14,000 or $16,000? Which was objected to as incompetent, it having been already proven that there was an agreed price of $150." The court overruled the objection, and defendant excepted.

The theory of the plaintiff's case was that an agreement was made for plans for a $9,000 house at $150, and the superintendence of the building by plaintiff; that that was superseded by a new agreement for plans for a $14,000 to $16,000 house, without a fixed price, and the question was for the purpose of proving the value. There was testimony sufficient to put this phase of the case to the jury, and the question was altogether proper.

The plaintiff in addition to evidence above referred to, testified that under the second agreement, in addition to, and after furnishing plans for a house of the value of from $14,000 to $16,000, he rendered the defendant other services about the matter, to-wit, made a bill of lumber, &c., worth $15, new copy of specifications $10, made changes in plans, which defendant wanted to have made $40, made explanation to contractors at defendant's request while defendant was receiving bids; made further changes in plans, &c., $45. These things the plaintiff claimed were not em-

braced in furnishing plans, and were charged for after defendant told plaintiff that he was not going to give him the superintendence, but was going to get another architect.

In the plaintiff's theory of the case the testimony as to the services and the value was proper. The plaintiff having testified to the payment by defendant of $150, was asked by his counsel, "State whether the agreement of $150 for $9,000 house had anything to do with the plans for the new house?"

Objected to by defendant as incompetent, immaterial, and asking for opinion of witness, and bad in form. Objection overruled and defendant excepted. The witness was not asked to state a legal conclusion, nor to give a mere opinion, but to state a conclusion of fact, namely, whether it was understood that the plans for the new house were to be furnished under the original agreement for $150. The exception is overruled.

It appeared that the usual mode among architects of charging for plans is a per centage on the estimated cost of the building. Several witnesses were asked what was the usual price for drawing plans and specifications, and one witness was asked the estimated cost of this building. These questions were severally "objected to by the defendant, as incompetent and immaterial, because the price was fixed by the contract." As we have already seen, according to the plaintiff's theory of the case, sustained by evidence sufficient to go to the jury, the price was not fixed by the contract. The question was therefore proper.

This brings us to the consideration of the exceptions taken by the defendant to the charge of the court to the jury.

The court in the course of the general charge to the jury, instructed them as follows: "If the contract was that Marcotte was to have a certain price for drawing the plans, and

also 2½ per cent. for superintending the building, and defendant would not allow plaintiff to superintend the house, then the plaintiff could consider the contract rescinded, and sue for what his services were worth."

There was evidence tending to show, that by the terms of the first agreement, the defendant was not only to pay $150 for the plans, but to let the plaintiff superintend the building, and that these services were worth 2½ per cent. on the estimated cost of the building; and there was also evidence tending to prove that this agreement was rescinded by a second agreement for plans for a $14,000 to $16,000 house, on which no price for plans was fixed; and there was also testimony tending to prove that defendant refused to permit plaintiff to superintend the building. Upon the part of the defendant it was claimed, and there was evidence tending to show, that the contract was for $150, for plans; that there was no agreement as to superintendence of the building, and that there was no change in the contract.

In view of the testimony, the jury were called to pass upon, whether there was a contract embracing the superintendence of the building, and also fixing the price for plans at $150; if so, whether the defendant refused to give to plaintiff the superintendence of the building; if they should find affirmatively upon these issues, the plaintiff could still maintain his action for the value of his services performed under the contract. The charge of the court was therefore applicable, and correct, and could not have misled the jury. The defendant's counsel submitted a number of legal propositions, requesting the court to give them in charge to the jury, among which were the following: "*Second.* If the jury are satisfied from the evidence in this cause, that the services referred to in the complaint were rendered by the plaintiff to the defendant upon an express contract between

them, the plaintiff, not having sued upon the contract, cannot recover." "The court charged that the same was true, unless the contract was rescinded, and the plaintiff remitted to a *quantum meruit*," to which modification thereof the defendant excepted.

"*Third:* The plaintiff cannot sue upon a *quantum meruit*, and recover what his services were reasonably worth, if such services were rendered upon a contract, but must bring his suit upon the contract in order to recover." The court charged as follows: "True, unless the contract was rescinded," to which defendant excepted. As we have seen, the question of the rescission of the contract, in the event of one state of facts, which the jury from the evidence might find, was material. If the jury should find with the plaintiff the facts which constitute a rescission of the contract, the proposition submitted by the defendant would not be applicable, but upon a finding as claimed by the defendant, would be correct. There could be no injury to the defendant in the court giving the law as applicable to either finding. The exceptions to the charge, therefore, cannot be sustained.

"*Seventh:* The plaintiff cannot recover the contract price for services specified in the contract not yet performed by plaintiff, without alleging in his complaint, and proving, a continuing readiness and ability to perform on his part, which he has not yet done in this case."

"The court charged, that the same was correct, but did not apply."

The plaintiff's action was upon a *quantum meruit ;* he could not therefore recover a contract price for the services, in any event; the court was certainly correct in saying that the instruction requested was not applicable to the case.

The last point made by the defendant is, that the plaintiff

could not recover, in any event, for making the plans and specifications, unless he first delivered, or tendered them complete to the defendant.

There was evidence tending to show that the plans were finished, and delivered to the defendant, and accepted by him as completed, and the jury has passed upon the matter, and found for the plaintiff. The defendant's answer alleges the delivery of the plans and specifications to defendant; that afterwards plaintiff took off and carried away, and has ever since wrongfully converted to his own use, certain parts of the plans. The plaintiff in reply to this counter claim admits "that he has kept and detained" the parts of the plans "referred to in the answer." The admission in the reply is clearly not an admission that the plans were never delivered. We think the objection is not well taken.

The order denying the defendant's motion for a new trial is affirmed.