# WINGARD *v.* UNITED STATES.

APPEAL FROM THE COURT OF CLAIMS.

No. 319.   Submitted March 24, 1891. — Decided May 25, 1891.

The same questions are presented here that were determined in *McAllister* v. *United States, ante,* 174, and it is affirmed on the authority of that case.

THIS appeal brought up for review a judgment by the Court of Claims sustaining a demurrer to a petition filed by the appellant, in which he claimed as due him from the United States for salary as Associate Justice of the Supreme Court of the Territory of Washington the sum of $1964.55, from December 11, 1885, to August 5, 1886, inclusive, and $1543.03, from August 24, 1886, to February 27, 1887, inclusive; in all, $3507.58.

The petition showed that on the 27th day of February, 1883, appellant was duly appointed by and with the advice and consent of the Senate, and commissioned to be, Associate Justice of the Supreme Court of the Territory of Washington, for the term of four years from that date, and until his successor should be appointed and qualified, with all the powers, privileges and emoluments appertaining to that office; that he took the oath of office May 11, 1883, and entered upon, executed and fulfilled the duties of such office; that he was at all times, from and after May 11, 1883, until February 27, 1887, ready and willing to perform those duties; that on the 3d of December, 1885, President Cleveland transmitted to him a communication, which declared that he was thereby "suspended from the office of Associate Justice of the Supreme

Court of the Territory of Washington, in accordance with the terms of section 1768, Revised Statutes of the United States, and subject to all provisions of law applicable thereto;" that, on the day last named, the President issued to William G. Langford a document reciting the suspension of appellant from his office in "virtue of the authority conferred upon the President by section 1768 of the Revised Statutes of the United States," and the designation of said Langford "to perform the duties of such suspended officer in the meantime, he being a suitable person therefor, subject to all the provisions of law applicable thereto;" that, on the 11th day of August, 1886, the President sent to the appellant and to Langford, respectively, communications similar to those of December 3, 1885, the one to appellant being a second order of suspension by the President under section 1768 of the Revised Statutes, and the one to Langford showing his designation to perform the duties of the office in the meantime; that Langford was commissioned January 29, 1887, as Associate Justice of the Supreme Court of the Territory of Washington, for the term of four years from that date, and until his successor was appointed and qualified, subject to the conditions prescribed by law, the commission showing that he had been nominated and appointed to that position by and with the consent of the Senate; and that Langford performed the duties of the office from December 11, 1885, to August 5, 1886, and from August 24, 1886, to February 27, 1887, under and by virtue of said several written appointments issued to him.

*Mr. Roger S. Greene* for appellant.

*Mr. Solicitor General* for appellee.

Mr. Justice HARLAN delivered the opinion of the court.

Substantially the same questions are presented in this case that have been determined in *McAllister* v. *United States,* *ante,* 174, just decided. Upon the authority of that case, and for the reasons stated in the opinion, the judgment is

*Affirmed.*

Mr. Justice FIELD, with whom concurred Mr. Justice GRAY and Mr. Justice BROWN, dissenting.

I dissent from the judgment of the court in this case, on the grounds stated in my dissenting opinion in *McAllister* v. *United States.*

I may also add to those grounds the fact that, by the laws of the United States applicable to all the Territories, it is provided that for each Territory there shall be appointed a Governor, a Secretary, a Chief Justice and two Associate Justices of its Supreme Court, an Attorney and a Marshal, and that their terms shall be four years and until their successors are appointed and qualified, with this difference: that it is declared with reference to all the officers, except the Justices of the Supreme Court, that they shall hold their offices for that term, unless sooner removed by the President; but that qualification is not added to the term of the Justices. (Rev. Stat. §§ 1841, 1843, 1864, 1875, 1876, 1877.)

It is also to be observed that the acts of Congress organizing the different Territories of the United States, and providing for judicial tribunals therein, from the foundation of the government down to the present time, with three exceptions, have fixed the term of the judicial officers of the Territories at definite periods absolutely, without any conditions, or simply with the condition "upon good behavior." In two of these exceptions where the words "unless sooner removed" are added, the power of removal is not vested in the President, but left to be exercised under the general law of the country applicable to such officers; that is, by impeachment or by the joint action of the President and Congress, after full opportunity is given to the accused of being heard upon the grounds of complaint. In the third exception the words added are: "unless sooner removed by the President with the consent of the Senate of the United States," which implies a previous consideration by the Senate of the grounds of removal, and this would usually be accompanied with notice to the accused and an opportunity afforded to him of being heard thereon.[1]

---

[1] The following list exhibits the terms of the judges and the organic acts for all the Territories:

Northwest of Ohio: "During good behavior."

　　　　Ordinance of 1787; 1 Stat. 51, note; Rev. Stat. 2d ed. 13.

From this statement it is apparent that the general legislation of Congress has been against making the tenure of the

Mississippi: "During good behavior."
                Act 7 April, 1798. Sec. 3, 1 Stat. 550.
                Act 27 March, 1804. Sec. 2, 2 Stat. 301.
                Act 2 March, 1810. Sec. 2, 2 Stat. 564.
South of Ohio: "During good behavior."
                Act 26 May, 1790. Sec. 1, 1 Stat. 123.
Indiana: "During good behavior."
                Act 7 May, 1800. Sec. 3, 2 Stat. 59.
Orleans: "Four years," absolute.
                Act 26 March, 1804. Sec. 5, 2 Stat. 284.
Louisiana (District): "During good behavior."
                Act 26 March, 1804. Sec. 12, 2 Stat. 287.
Michigan: "During good behavior."
                Act 11 January, 1805. Sec. 3, 2 Stat. 309.
                Act 30 January, 1823. Sec 1, 3 Stat. 722.
Illinois: "During good behavior."
                Act 3 February, 1809. Sec. 3, 2 Stat. 515.
Missouri: Four years, "unless sooner removed."
                Act 4 June, 1812. Sec. 10, 2 Stat. 746.
                Act 27 January, 1814. Sec. 1, 3 Stat. 95.
Alabama: "During good behavior."
                Act 3 March, 1817. Secs. 2 and 3, 3 Stat. 372.
Arkansas: "Four years, unless sooner removed."
                Act 2 March, 1819. Sec. 7, 3 Stat. 495.
Florida: (Judges not appointed by the President.)
                Act 30 March, 1822. Sec. 6, 3 Stat. 656.
                Act 26 May, 1824. Sec. 1, 4 Stat. 45.
                Act 21 January, 1829. Sec. 4, 4 Stat. 333.
Wisconsin: "During good behavior."
                Act 20 April, 1836. Sec. 9, 5 Stat. 12.
Iowa: "Four years," absolute.
                Act 12 June, 1838. Sec. 9, 5 Stat. 237–38.
Oregon: "Four years," absolute.
                Act 14 August, 1848. Sec 9, 9 Stat. 326.
Minnesota: "Four years," absolute.
                Act 3 March, 1849. Sec. 9, 9 Stat. 406.
Utah: "Four years," absolute.
                Act 9 September, 1850. Sec. 9, 9 Stat. 455.
                Act 25 June, 1888. Sec. 2, 25 Stat. 204.
New Mexico: "Four years," absolute.
                Act 9 September, 1850. Sec. 10, 9 Stat. 449.
Washington: "Four years," absolute.
                Act 2 March, 1853. Sec. 9, 10 Stat. 175.
                Act 4 July, 1884. Sec. 10, 23 Stat. 102.

judicial office in courts of record of the Territories subject to the will of the President. The last exception is the only one in which any authority in that respect could be exercised by him, and that is to be with the conjoint action of the Senate.

I am authorized to say that Justices GRAY and BROWN agree with me in this dissent.

---

Nebraska: " Four years," absolute.
                Act 30 May, 1854.   Sec. 9, 10 Stat. 280.
Kansas : " Four years," absolute.
                Act 30 May, 1854.   Sec. 27, 10 Stat. 286.
Colorado : " Four years," absolute.
                Act 28 February, 1861.   Sec. 9, 12 Stat. 174.
                ·Act 2 March, 1863.   Sec. 3, 12 Stat. 700.
Nevada : " Four years," absolute.
                Act 2 March, 1861.   Sec. 9, 12 Stat. 212.
Dakota : " Four years," absolute..
                Act 2 March, 1861.   Sec. 9, 12 Stat. 241.
                Act 4 July, 1884.   Sec. 2, 23 Stat. 101.
                Act 9 August, 1888.   Sec. 2, 25 Stat. 398.
Arizona : " Four years," absolute.
                Act 24 February, 1863.   Sec. 2, 12 Stat. 665.
Idaho : " Four years," absolute.
                Act 3 March, 1863.   Sec. 9, 12 Stat. 811.
Montana : " Four years," absolute.
                Act 26 May, 1864.   Sec. 9, 13 Stat. 88.
                Act 10 July, 1886.   Sec. 1, 24 Stat. 138.
Wyoming : " Four years," " unless sooner removed by the President with he consent of the Senate of the United States."
                Act 25 July, 1868.   Sec. 9, 15 Stat. 178.
Alaska : " Four years," absolute.
                Act of May 17, 1884.   23 Stat. 24.
Oklahoma : " Four years," absolute.
                Act of May 2, 1890.   26 Stat. 81.