## ARCHIMEDES GALBRAITH v. JOHN McCOLLUM AND HENRY McCOLLUM.

### *Costs—Appeal.*

1. The costs which are in the discretion of the court under How. Stat. § 7026, which gives it power in appeal cases to award the costs, in whole or in part, to either party, as it may deem just, have reference to the costs allowed the prevailing party by How. Stat. § 9004.[1]

2. The court has power under How. Stat. § 7026, to include, as a part of the costs which it is authorized to award to either of

---

[1] See *Beem v. Circuit Judge,* 97 Mich. 491, for a construction of the sections referred to.

the parties to a case appealed from justice's court, the attorney's fee of $10 allowed the prevailing party by How. Stat. § 9004, for proceedings before notice of trial.

Error to St. Clair. (Vance, J.) Submitted on briefs December 14, 1893. Decided December 22, 1893.

*Assumpsit.* Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*William M. Cline,* for appellant.

*James L. Coe,* for defendants.

GRANT, J. Plaintiff brought suit in justice's court, claiming a balance due him of $42.61. He filed a bill of particulars showing a total claim of $168.73. Defendants gave notice of set-off, with bill of particulars thereof, amounting to $168.13. Plaintiff was defeated in justice's court, and, on appeal to the circuit court, was again defeated, whereupon he removed the suit to this Court by writ of error. The sole question of fact was whether defendants had paid $42, and this issue was found by the jury against the plaintiff.

Upon the trial in the circuit court, and after the plaintiff was sworn as a witness in his own behalf, the defendants, through their counsel, admitted the entire bill of particulars, and plaintiff admitted payments to the amount of $126.12. January 24, 1891, defendants agreed to get out and purchase certain cord wood of plaintiff at the price of $1.60 per cord. Sixty-seven and three-fourths cords were taken under this agreement. Plaintiff, on his cross-examination, testified that at this date he owed the defendants a balance of $26.40. The wood, under the contract, amounted to $108.40. Plaintiff also admitted that defendants paid him by check on Boyce's bank, $10, and order on Siple, $30, and that he got the money on both check and order. This, under the plaintiff's own evidence, left

a balance of $42, the payment of which was the sole controversy.

At the close of the evidence, plaintiff's counsel requested the court to instruct the jury that the plaintiff was entitled to recover 61 cents, provided the jury should believe the defendants as to the payment of the $42. The court, in its charge, said to the jury that the defendants admitted all the items in the plaintiff's account, amounting to $168, but claimed that it had all been paid. At the close of the charge, the plaintiff's counsel called the attention of the court to the fact that the amount admitted was $168.73, and insisted upon the exact amount, and again requested the court so to instruct the jury. This was refused, the circuit judge remarking, "As I understand the testimony, it was limited to even figures."

After the verdict, the court rendered judgment for the defendants, with costs to be taxed, including an attorney fee of $25. The items, therefore, involved in the appeal, relate to the 61 cents, and $10 claimed to be illegally allowed as part of the costs.

1. But for the plaintiff's testimony after the admissions were made by counsel, there would be considerable force in plaintiff's contention; but his admission that a balance was due of $26.40 when the wood contract was made, the amount due upon the contract being conceded, we think justified the court in treating the difference—$42—as the true balance between their accounts, and in instructing the jury that upon their determination as to the payment of this amount the right to verdict and judgment depended.

2. It is insisted that defendants were not entitled to judgment for $10 as a part of the attorney fee for proceedings before notice of trial, under How. Stat. § .9004, because section 7016 provides that, if the return of the justice be filed 10 days before the first day of any term, either party may notice the case for trial, and therefore the case

is ready for notice of trial immediately upon the filing of the return of the justice. We think otherwise. The costs which are in the discretion of the court under How. Stat. § 7026, have reference to the costs allowed by section 9004. It cannot be said that there are no proceedings to be taken by the attorney before notice of trial in appeal cases. The attorney may not have been employed in the justice's court, where very informal pleadings are allowed. When employed, it is his duty to examine the papers, and, if the pleadings are not in proper shape for trial, to apply to the court for leave to amend. This may be done before notice of trial. It follows that this is one of the items which may be awarded to either party, as the court may deem just under all the circumstances.

Judgment affirmed.

The other Justices concurred.