[Civil No. 538.    Filed March 30, 1897.]

[48 Pac. 217.]

P. J. COLE, Defendant and Appellant, v. TERRITORY OF ARIZONA, ex rel. J. F. WILSON, Attorney-General, Plaintiff and Appellee.

1. OFFICE AND OFFICERS—TERRITORIAL TREASURER—GOVERNOR—POWER OF REMOVAL—REV. STATS. ARIZ. 1887, PARS. 2978, 3049; LAWS ARIZ. 1891, ACT No. 65, APPROVED MARCH 19, 1891, CITED AND CONSTRUED —ORGANIC ACT.—Paragraph 2978, *supra,* providing for the office of territorial treasurer, fails to fix the tenure. Paragraph 3049, *supra,* provides that every officer whose term is not fixed by law holds at the pleasure of the appointing power. Laws 1891, Act No. 65, provides that the governor has power to remove from office any territorial officer appointed by him or his predecessor, or who has been so appointed by and with the advice of the legislative counsel, when, in his judgment, the best interest of the public service shall be subserved thereby; and an official letter to the effect that it is the desire of the governor that the office be vacated constitutes sufficient notice to the incumbent. Under these statutes, the governor has the power to remove the territorial treasurer from office. These acts are not contrary to the Organic Act, which nowhere prohibits such laws, but is a rightful subject of legislation and therefore permitted.

2. SAME—COMMON LAW—PROPERTY IN OFFICE—JUDGMENT OF OUSTER— NO APPLICATION IN THIS TERRITORY.—The common law, which regards the office as a hereditament, and that an incumbent has a property in his office, and that he cannot be deprived thereof without a judgment of a court, has no force in this territory.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Maricopa. A. C. Baker, Judge. Affirmed.

Statement of facts:—

The suit was filed on date of June 18, 1896. The defendant interposed a demurrer to the complaint. First, generally; and, second, demurring to the complaint on the ground that the complaint does not show that at the time of the appointment of Thomas E. Farish to the office described in the complaint there was a vacancy in said office; third, that no facts are stated showing the authority of the governor of the territory to appoint said Farish during the recess of the legislative council. The defendant, further answering the complaint, sets up that he is a resident of the territory, and over the age of twenty-one years, a duly qualified elector of the territory. Second, That on the thirtieth day of January, 1895, defendant was duly nominated by the governor of the territory of Arizona to the office of territorial treasurer of the territory of Arizona. That on date February 6, 1895, he was confirmed by the legislative council of the territory of Arizona as such territorial treasurer. That on the seventh day of January, 1895, defendant was duly commissioned by the governor as such treasurer. That on the eleventh day of February, defendant duly qualified as such territorial treasurer by taking the oath of office in due form of law and filing his official bond. That said Thomas E. Farish claims said office by reason of an alleged and pretended appointment thereto by the governor of the territory of Arizona on the eighteenth day of June, 1896. That said appointment was made without warrant or authority of law, and that on said day said defendant was holding said office, and discharging the duties thereof by virtue of his aforesaid appointment, confirmation, and qualification, and that at the said last-mentioned date, or prior thereto, defendant had not resigned said office, nor had he been removed therefrom for cause, or had charges or accusations been filed against him, or investigation or trial had therein. That on the trial of the cause the following stipulation was entered into between the parties: (1) That defendant, Cole, is a citizen of the United States, over the age of twenty-one years, and a duly-qualified elector of the territory of Arizona. (2)

That he was, on the sixth day of February, 1895, duly commissioned as treasurer of the territory of Arizona, and that on the eleventh day of February, 1895, he was duly qualified as such officer, and entered upon the discharge of his duties as such territorial treasurer. (3) That no charges have been filed against defendant, Cole, or accusations against him upon his removal, nor no notice was given nor hearing had. That on the fifteenth day of January, 1896, the governor of the territory of Arizona requested said P. J. Cole to resign his position as territorial treasurer, which said Cole refused to do. That on the eighteenth day of June, the governor of the territory thinking it, in his opinion, for the best good of the public service that his office be vacated, the said defendant was thereby removed from said office, and said office declared to be vacant, in the following language, to wit: ''Territory of Arizona, Executive Office. Phœnix, Arizona, June 18, 1896. P. J. Cole, Esq., Treasurer of the Territory of Arizona —Dear Sir: The judgment of the governor being that the best interests of the public service will be subserved by you vacating the office above named, which you now hold, and his desire being that the said office be so vacated, you are therefore hereby removed from said office. Hereof take notice. Respectfully, B. J. FRANKLIN, Governor of Arizona.'' (4) That on the eighteenth day of June, 1896, Thomas E. Farish, a citizen of the United States, a resident of the territory of Arizona, over the age of twenty-one years, and a qualified elector of said territory, was appointed to said office of territorial treasurer by the governor of said territory, and duly commissioned by said governor as such territorial treasurer by taking the oath of office before a proper officer duly authorized to administer oaths, and in the form prescribed by law, which said oath was duly indorsed upon said commission, and also by filing in the office of the secretary of the territory his oath of office as required by law, and by executing and delivering his official bond as such territorial treasurer in the form and with securities in the amount required by law—to wit, the sum of forty thousand dollars—and that bond was duly approved by the governor of the territory of Arizona, and approved and filed with the secretary of the territory of Arizona. That thereupon, on the eighteenth day of June, 1896, said Farish attempted to enter upon the discharge of said

office of territorial treasurer, but that said Cole did give out, assert, and claim that he was entitled thereto, and to the emoluments thereof, and ever since said day has continued to do so, to the exclusion of said Farish, declaring himself the lawful treasurer, and still refuses to surrender the same to the said Farish.

L. H. Chalmers, and Joseph Campbell, for Appellant.

As to whether the governor has the power to remove from office appellant relies upon the case of *Field* v. *People,* 2 Scam. 79; *Dullam* v. *Wilson,* 53 Mich. 392, 51 Am. Dec. 128; *In re Attorney-General,* 2 N. M. 49; *Territory, ex rel. Fisk* v. *Rodgers,* 1 Mont. 252.

Upon the question that the appointment of Farish was illegal and void, defendant relies upon the authorities above cited and upon *Honey* v. *Graham,* 39 Tex. 12; *People* v. *Bissell,* 49 Cal. 411; *Tappan* v. *Gray,* 9 Paige, 507; *People* v. *Carrique,* 2 Hill, 93.

J. F. Wilson, Attorney-General, for Appellee.

The governor has power to remove any officer appointed by him, where such power is not denied by express statute; this is based upon two propositions: 1. The power of removal is incident to the power to appoint, unless it is prohibited by law; 2. The office of territorial treasurer, not being of fixed tenure, is subject to the power of removal given the executive under the statute.

That the power to remove is incident to the power of appointment, unless expressly prohibited, see *Ex parte Hennen,* 13 Pet. 230; Story on the Constitution, secs. 1538-1544; Black on the Constitution, pp. 105, 106; *Welch* v. *Cook,* 7 How. Pr. 282; *Smith* v. *Fisher,* 24 Wend. 216; *People* v. *Snedeker,* 14 N. Y. 52; *Sprague* v. *Brown,* 40 Wis. 612; *State* v. *Benedict,* 15 Minn. 158; *State* v. *Hawkins,* 44 Ohio St. 98, 5 N. E. 228; *Galbraith* v. *McCollum,* 98 Mich. 219, 57 N. W. 115; *Trimble* v. *Phelps,* 19 Colo. 187, 41 Am. St. Rep. 236, 34 Pac. 981; *Territory* v. *Cox,* 6 Dakota, 501; *Cameron* v. *Parker,* 2 Okla. 277, 38 Pac. 36; *McAllister* v. *United States,* 141 U. S. 174, 11 Sup. Ct. Rep. 949; *Wingard* v. *United States,* 141 U. S. 201, 11 Sup. Ct. Rep. 959.

HAWKINS, J. (after stating the facts).—The only question in this case is, Had the governor the power of removal? We think he had. Paragraph 2978 of the Revised Statutes of 1887, providing for the office of territorial treasurer, and for the commissioning of the incumbent, fails to fix the tenure. And paragraph 3049 of the Revised Statutes provides that every officer whose term is not fixed by law holds at the pleasure of the appointing power. This was the statutory regulation pertaining to this office when Cole took the appointment, and is decisive of the question. Nothing in the Organic Act for this territory prohibits such law. The power to remove is incident to the power of appointment, unless expressly prohibited by law. *In re Hennen,* 13 Pet. 230. This doctrine has become so well settled that it is now the text-law of this country. Story on the Constitution, secs. 1538-1544; Black on Constitutional Law, pp. 105, 106. It is followed by most of the states. *Welch* v. *Cook,* 7 How. Pr. 282; *Trimble* v. *People,* 19 Colo. 187, 41 Am. St. Rep. 236, 34 Pac. 981; *People* v. *Fisher,* 24 Wend. 216; *People* v. *Snedeker,* 14 N. Y. 52; *Territory* v. *Cox,* 6 Dak. 501; *Sprague* v. *Brown,* 40 Wis. 612; *Cameron* v. *Parker,* 2 Okl. 277, 38 Pac. 14 et seq.; *State* v. *Benedict,* 15 Minn. 158 (Gil. 198); *State* v. *Hawkins,* 44 Ohio St. 98, 5 N. E. 228; *Galbraith* v. *McCollum,* 98 Mich. 219, 57 N. W. 115. It is also the rule in cases of appointments under laws of the United States by the President. *McAllister* v. *United States,* 141 U. S. 174, 11 Sup. Ct. Rep. 949; *Wingard* v. *United States,* 141 U. S. 201, 11 Sup. Ct. Rep. 959. No one has a right of property in an office such as will bar the executive from removing him. *State* v. *Hawkins,* 44 Ohio St. 98, 5 N. E. 234; *Cameron* v. *Parker,* 2 Okl. 277, 38 Pac. 14, and authorities there cited. Most of the cases relied upon by the appellant were decided either where the constitution or laws of the state made no provision for the governor to remove, or where the incumbent had a property in his office, and that he could not be deprived of his office without a judgment of a court. This latter view is supported by the common law, which regarded an office as an hereditament, but no such doctrine has ever had any force in this territory. This territory also has an act (Laws 1891, p. 96) which provides that the governor has power to remove from office any territorial officer appointed by him or his predecessor, or who has been so ap-

pointed by and with the advice of the legislative council, when, in his judgment, the best interests of the public service shall be subserved thereby; and an official letter to the effect that it is the desire of the governor that the office be vacated constitutes sufficient notice to the incumbent. This law is absolutely conclusive of the question. It is not contrary to the Organic Act. That act nowhere prohibits such a law. It is silent on the subject, and what is not prohibited therein on all rightful subjects of legislation is permitted. The judgment is affirmed.

Bethune, J., and Rouse, J., concur.