*Henry R. Goetchius, Titus & Dekle,* for plaintiff.

---

16334.   ROSENBERG *v.* BENNETT, superintendent of banks.

STEPHENS, J.   1. One who buys stock in a bank, and has it entered on the books of the bank in his own name as guardian for his minor child, is himself, as between him and the bank, the owner of the stock, and the provisions of section 2 of article 18 of the act of August 16, 1919, creating the State banking department (Ga. L. 1919, pp. 135, 189; Park's Code Supp. 1922, § 2279 (b)), excepting from personal liability as stockholders those holding stock in a bank as guardian, are not applicable. Where the bank has been taken over by the superintendent of banks under the authority of the act of August 16, 1919, supra, such person is individually liable for an assessment made against him as stockholder by the superintendent of banks. Park's Banking Law of Georgia, 381; Foster *v.* Chase, 75 Fed. 797; Aldrich *v.* Bingham, 131 Fed. 363.

2. The present owner of stock, against whom such an assessment is made, can not defeat liability therefor upon the ground that under the provisions of sections 3 and 4 of article 18 of the act of August 16, 1919 (Ga. L. 1919, pp. 135, 190; Park's Code Supp. 1922, § 2279 (c) (d)), a former stockholder from whom he purchased the stock within six months prior to the date of the failure of the bank may be liable for an assessment thereon. The right to enforce the assessment against the former stockholder is in the superintendent of banks, and not in the present stockholder.

3. A present stockholder against whom an assessment has been made under the authority of the act of August 16, 1919, supra, can not defend

---

Banks and Banking, 7 C. J. p. 502, n. 70 New; p. 504, n. 80; p. 505, n. 88.

against such assessment upon the ground that the former stockholder from whom he purchased the stock had no title.

4. In a suit by the superintendent of banks to enforce the levy of such an assessment against one who has purchased stock in a bank and caused it to be entered on the books of the bank in his own name as guardian for his minor child, a verdict for the plaintiff was properly directed, and the court did not err in overruling the defendant's motion for a new trial. *Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 18, 1926.

Affidavit of illegality of execution; from Walton superior court —Judge Fortson. February 13, 1925.

Application for certiorari was denied by the Supreme Court.

*J. H. Felker, A. S. Grove,* for plaintiff in error.

*Roberts & Kelley, J. C. Knox,* contra.