23655. GORMLEY, superintendent of banks, v. FITZGERALD.

SUTTON, J. 1. It is not essential that a certificate of stock be actually delivered to the purchaser thereof in order for him to be considered a stockholder in the corporation. Accordingly, where a depositor in a closed bank, in order to facilitate the reopening of the bank, agreed to purchase with a part of his deposit in the bank certain shares of the bank's stock, and where this was done and the stock was thereafter issued to the purchaser, but not delivered to him, and the bank again closed it doors, he was to all intents and purposes, under the circumstances, a stockholder of the bank. It was then too late for the purchaser to repudiate the agreement to purchase the stock, which had been performed by both the bank and the purchaser except as to the actual delivery of the stock to the purchaser, by setting up, in defense to the stock-assessment execution issued against him, that he was not a stockholder in the bank and never had been, for the reason that the certificate of stock had never been delivered to him. See 3 R. C. L. 399, 400; 7 C. J. 495, 501, 502; Thayer v. Butler, 141 U. S. 231 (11 Sup. Ct. 987 (35 L. ed. 711) ; Pacific Nat. Bank v. Eaton, 141 U. S. 201 (11 Sup. Ct. 984, 35 L. ed. 702) ; Rosenberg v. Bennett, 35 Ga. App. 86; Gress v. Knight, 135 Ga. 60 (68 S. E. 834, 31 L. R. A. (N. S.) 900) ; Wilkes v. Knight, 142 Ga. 458 (83 S. E. 89).

2. As between the purchaser of the stock and the bank, it might be that the purchaser could set up that, the stock certificate not having been delivered to him in accordance with the agreement made at the time it was purchased, the bank had breached or failed to perform its agreement with him; however, as against the depositors and other creditors of the bank, whom the superintendent of banks represents when he takes charge of an insolvent bank and assesses the stockholders, the purchaser of the stock, under such an agreement, certainly could not set up the failure of the bank to deliver to him a certificate for the stock purchased by him, as constituting a sufficient defense against the levy of a stock-assessment execution issued by the superintendent of banks according to law. It follows that the court below erred in dismissing the levy in this case.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED MARCH 16, 1934.

*M. J. Yeomans, attorney-general, Dave M. Parker, assistant attorney-general, H. F. Lawson, Smith & Ross,* for plaintiff.
*J. H. Milner, Burch & Daley,* for defendant.